**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE PATRICE BARNES MARKS,

                 Plaintiff - Appellant,

   v.

OCWEN LOAN SERVICING, LLC and
DOES 1-100,

                 Defendant - Appellee.

                                /

No. C 10-01148 WHA

**ORDER DENYING MOTION
TO REIMPOSE THE AUTOMATIC
STAY PENDING APPEAL AND
MOTION FOR SANCTIONS**

In this bankruptcy appeal, *pro se* plaintiff Leslie Patrice Barnes Marks has *again* failed to comply with the Civil Local Rules regarding the proper noticing of motions.[*]  Civil Local Rule 7-2(a) provides that any motion must be served and noticed for a hearing *not less than 35 days* after service.  Plaintiff served and noticed her motion to reimpose the automatic stay as to all creditors pending appeal only 20 days prior to the scheduled hearing.  This was improper.

Even assuming that plaintiff's motion had been properly noticed, however, it would still fail.  The district court's review of a bankruptcy court's decision to grant relief from the automatic stay is under an abuse of discretion standard.  *Benedor Corp. v. Conejo Enters.*, 96 F.3d 346, 351 (9th Cir. 1996).  Having reviewed the order of the bankruptcy court and the briefing submitted by both sides on this motion, this order finds that plaintiff has not established that the

---

     * Plaintiff Marks was warned in a separate bankruptcy appeal involving the same bankruptcy proceedings (also pending before the undersigned) that a motion to reimpose the automatic stay pending appeal would have to be noticed and filed properly under the Civil Local Rules (Dkt. No. 20 in Case Number 10-00203).

**United States District Court**
For the Northern District of California

1   bankruptcy court abused its discretion when it granted relief from the automatic stay.  Indeed,

2   plaintiff failed to even address the grounds for the bankruptcy court's order:  that all of plaintiff's

3   claims were barred by *res judicata*, given that they were previously litigated in district court

4   before the Honorable Judge Susan Illston and judgment on the pleadings was entered against her.

5   Rather, plaintiff's motion appears to be an improper attempt to re-argue the same points that

6   Judge Illston previously rejected.

7          In any event, plaintiff's appeal of this particular bankruptcy court order is also untimely.

8   Under FRBP 8002, a litigant in bankruptcy court has 14 days from the entry of an order or

9   judgment to file a notice of appeal as to that order or judgment.  Plaintiff's appeal was noticed 16

10  days after the bankruptcy court entered its order granting relief from the automatic stay.  In other

11  words, it's two days too late.

12         For all of these reasons, both individually and collectively, plaintiff's motion to reimpose

13  the automatic stay as to all creditors pending appeal is **DENIED**.  Plaintiff's request for sanctions

14  against GreenTree, LLC, who is not even a party to this appeal, is also **DENIED**.  Indeed,

15  GreenTree, LLC, was not even served with the instant motion.  Finally, plaintiff's request for a

16  hearing on this motion is **DENIED**.  Pursuant to Civil Local Rule 7-1(b), this order finds the

17  instant motion appropriate for resolution without oral argument.

18

19         **IT IS SO ORDERED.**

20

21  Dated:  July 7, 2010.

    WILLIAM ALSUP
22  UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2