IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE PATRICE BARNES MARKS,

    Plaintiff - Appellant,

  v.

OCWEN LOAN SERVICING, and DOES 1-10, inclusive,

    Defendants - Appellees.
                                        /

No. C 10-01148 WHA

**ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT**

      Appellant Leslie Marks, representing herself, appeals a bankruptcy court decision dismissing her Chapter 13 bankruptcy action. Appellant alleged many of the same issues in her appeal of her bankruptcy adversary proceeding, and the bankruptcy court's dismissal was affirmed for many of the same reasons herein. *See Marks v. Ocwen Loan Servicing, LLC*, No. 10-00203 WHA, 2010 WL 3069248 (N.D. Cal. Aug. 4, 2010). For all the reasons that follow, the bankruptcy court's decision is **AFFIRMED**.

      The appeal centers on allegations that appellee and other defendants misled appellant into accepting a financially burdensome mortgage, and that this fraud should have prevented the Chapter 13 dismissal. In 2005 appellant decided to modify her home loan with a subsidiary of New Century Mortgage Corporation. Appellant brought an action against New Century and its employee in 2006. Appellant won a default judgment against the employee, but the action was

stayed as to New Century when it filed for bankruptcy in March 2007. On or around the day of the bankruptcy filing, New Century transferred appellant's loan to Ocwen Loan Servicing, LLC, and apparently DB Structured Products, Inc. Appellant subsequently brought suit against Ocwen and DB as successors in interest on the New Century home loan, *Marks v. Ocwen Loan Servicing, LLC*, No. C 07-02133-SI (N.D. Cal. filed April 17, 2007). The Honorable Judge Susan Illston dismissed the action with prejudice, and the case was closed in April 2009. Appellant did *not* appeal the district court decision. Instead, three months later, appellant filed for Chapter 13 bankruptcy and instituted an adversary proceeding against Ocwen in bankruptcy court. Both of these actions were dismissed.

A district court reviews a bankruptcy court's decision applying the same standard of review used by circuit courts reviewing district court decisions. *See Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). The district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *See Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir. 1999).

As an initial matter, all of the appellant's appeals are untimely. Appellant appeals two orders of the bankruptcy court: (1) the order dismissing the Chapter 13 bankruptcy action with a 180 day refiling bar signed on January 19, 2010, and (2) the order granting relief from the automatic stay signed on January 26, 2010 (Br. 11). *Both* of these orders were also appealed before this Court in the aforementioned case. Under FRBP 8002, a litigant in bankruptcy court has 14 days from the entry of an order or judgment to file a notice of appeal as to that order or judgment. Plaintiff's appeal was noticed 16 days after the bankruptcy court entered its order granting relief from the automatic stay and 23 days after the dismissal of the Chapter 13 action.

Furthermore, all of the issues that appellant argues on appeal are properly barred from readjudication under the doctrine of res judicata. In this appeal, appellant's main argument is that appellee did not have standing to appear in her Chapter 13 bankruptcy action because it was not a legitimate creditor. Appellant argues that: (1) appellee wrongfully acquired its interest in appellant's loan from New Century, (2) appellee is merely a "debt collector" and not a "creditor" and so it wrongfully transferred its interest to GreenTree, LLC, (3) appellee violated the Perata

2

Mortgage Relief Act, Cal. Civ. Code § 2923.5, and (4) appellee improperly assigned the loan pursuant to California Civil Code Section 2932.5. Each of these claims either was or could have been litigated in appellant's district court action against appellee, because they are based on "the same transactional nucleus of facts." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citations omitted).

*First*, the claims that appellee wrongfully acquired the appellant's home loan from New Century and was not a legitimate "creditor" formed the basis of her district court action against appellee. *Second*, the Perata Mortgage Relief Act governs how mortgage holders should contact debtors in default and provide options to avoid foreclosure; appellant does not specify which portion of the Act appellee violated, and indeed many sections are not enforceable once the debtor engages in Chapter 13 bankruptcy. Regardless, claims that appellee did not properly notify or service appellant's loan were litigated in the district court action, and specific violations of the Perata Act should have been claimed at that time. *Finally*, appellant argues that Section 2932.5 requires that the transfer of a mortgage be publically recorded before a foreclosure sale, and so the automatic stay should be reinstated against GreenTree. As explained in a previous order, the automatic stay was proper, and GreenTree is not a party to this appeal and was not even served (Dkt. No. 27). Furthermore, there has not yet been a foreclosure sale, and appellant's loan is secured by a deed of trust, not a mortgage, which is not covered by this statute.

Appellant's claims were untimely and not properly appealed. Moreover, they are all barred by res judicata, as explained in the dismissal of her appeal of the adversary proceeding. Furthermore, even if her appeal was not barred by these two factors, it would still fail on the merits. For all of these reasons, both individually and collectively, the bankruptcy court's dismissal of the Chapter 13 action and the order vacating the automatic stay are **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: August 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3